NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LILIANA ARELY ALVARADO-
GOMES; H.F.A.G.; C.A.B.A.; S.E.B.A.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3795

Agency Nos.
A218-146-892
A218-146-893
A218-146-894
A218-146-895

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 18, 2025[**]
Pasadena, California

Before: BERZON, BENNETT, and SUNG, Circuit Judges.

Liliana Arely Alvarado-Gomes and her children, natives and citizens of

Honduras, petition for review of a decision by the Board of Immigration Appeals

("BIA") dismissing their appeal from an immigration judge's ("IJ") denial of their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. "Where,

as here, the BIA adopts the IJ's decision while adding some of its own reasoning,

we review both decisions." *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018)

(citation omitted). We review legal conclusions de novo and findings of fact for

substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir.

2023). We deny the petition.

1. Substantial evidence supports the BIA's determination that Alvarado-

Gomes failed to establish that the Honduran government was "unable or unwilling"

to protect her from her ex-partner, as required for her asylum and withholding of

removal claims. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir.

2020). Alvarado-Gomes testified that she obtained a restraining order against her

ex-partner. After he physically assaulted her, the police searched for, arrested, and

detained him, and required him to appear in court on a weekly basis. Because the

government responded to the abuse and took steps to address it, the BIA's

determination regarding the "unable or unwilling" requirement was reasonable. *See*

---

[1] Alvarado-Gomes's children are derivative beneficiaries of her asylum claim. The children also filed their own applications for asylum, withholding of removal, and CAT protection, relying on their mother's applications. The IJ denied these separate applications, and the BIA concluded that Petitioners had waived any challenge to this determination on appeal. Because Petitioners do not address their separate applications in their brief, we consider any issue regarding them forfeited.

*Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). General country-level evidence does not compel a contrary conclusion. *See Rahimzadeh v. Holder*, 613 F.3d 916, 923 (9th Cir. 2010).

2. Substantial evidence also supports the BIA's denial of Alvarado-Gomes's CAT claim on the ground that she failed to establish that she would more likely than not be tortured with government "consent or acquiescence" if removed to Honduras. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Specifically, the Honduran government's response to Alvarado-Gomes's ex-partner's abuse supports the BIA's determination that Alvarado-Gomes did not establish that the government was likely to consent or acquiesce to future abuse.

**PETITION DENIED.**